IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **DOROTHY MAE ROSS** | ) <br> ) <br> ) **Civil Action No.** |
| **Plaintiff,** | ) <br> ) |
| v. | ) <br> ) |
| **EQUIFAX INFORMATION SERVICES LLC and CAPITAL ACCOUNTS, LLC** | ) <br> ) <br> ) <br> ) |
| **Defendants.** | ) <br> ) <br> ) |

## COMPLAINT

## PRELIMINARY STATEMENT

1.      This is an action for damages brought by an individual consumer, Dorothy Mae Ross, against Equifax Information Services LLC and Capital Accounts, LLC, for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, et seq., as amended, the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereafter the "FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, et seq. (hereafter the "TCPA").

## THE PARTIES

2.      Plaintiff Dorothy Mae Ross is an adult individual residing in Pontiac, Michigan.

3.      Defendant, Equifax Information Services LLC ("Equifax") is a business entity that regularly conducts business in the Eastern District of Michigan and which has a principle place of business at 1550 Peachtree Street, Mail Drop 65, Atlanta, GA 30309.

4.      Defendant Capital Accounts, LLC ("Capital Accounts") is a business entity that regularly conducts business in Eastern District of Michigan and which has a principal place of

business located at 1642 Westgate Circle, Ste. 204, Brentwood, TN 37027.  The principal purpose of Defendant is the collection of debts already in default using the mails and telephone, and Defendant regularly attempts to collect said debts.

## JURISDICTION & VENUE

5.  Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

6.  Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

7.  Defendants have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (the "inaccurate information").

8.  The inaccurate information includes, but is not limited to, a collection account with Capital Accounts.

9.  The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

10.  Defendants have been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that they have disseminated to various persons and credit grantors, both known and unknown.

11.  Plaintiff has disputed the inaccurate information with Defendants at least two times by following Equifax's established procedures for disputing consumer credit information.

12.  Plaintiff has disputed the inaccurate information with Equifax from October 2014 through the present.

13.  Notwithstanding Plaintiff's efforts, Equifax has sent Plaintiff correspondence indicating its intent to continue publishing the inaccurate information and Equifax continues to

publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors. Equifax has published and disseminated consumer reports to such third parties from at least October 2014 through the present.

14. Despite Plaintiff's efforts, Equifax has never: (1) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's disputes; (2) contacted any third parties that would have relevant information concerning Plaintiff's disputes; (3) forwarded any relevant information concerning Plaintiff's disputes to the entities originally furnishing the inaccurate information; (4) requested or obtained any credit applications, or other relevant documents from the entities furnishing the inaccurate information; and (5) performed any handwriting analysis.

15. Notwithstanding Plaintiff's disputes, Capital Accounts has also failed to conduct timely and reasonable investigations of Plaintiff's disputes after being contacted by the relevant credit reporting agencies concerning Plaintiff's disputes, has willfully continued to report such inaccurate information to various credit reporting agencies, and has failed to mark the above accounts as disputed.

16. At all pertinent times hereto, Defendant Capital Accounts was hired to collect a debt relating to an account that does not belongs to Plaintiff (hereafter the "debt").

17. The alleged debt at issue arose out of a transaction which was primarily for personal, family or household purposes.

18. At all times material hereto, Plaintiff does not and has never owed a debt to Defendant.

19. Defendant Capital Accounts began contacting Plaintiff on Plaintiff's cellular telephone in an attempt to collect the debt.

20. Defendant Capital Accounts has been calling Plaintiff's cellular telephone number using an automated telephone dialing system ("ATDS") including but not limited to predicative dialers and/or artificial and prerecorded voice technology to coerce payment of the debt, with the intent to annoy, abuse, or harass Plaintiff.

21. Plaintiff informed Defendant Capital Accounts that she was not responsible for the debt and advised Defendant to stop contacting her.

22. Notwithstanding the above, Defendant Capital Accounts continued contacting Plaintiff with the intent to annoy, abuse, or harass Plaintiff.

23. Defendant Capital Accounts acted in a false, deceptive, misleading and unfair manner by communicating with any person other than the consumer on more than one occasion.

24. Defendant Capital Accounts acted in a false, deceptive, misleading and unfair manner by communicating with any person other than the consumer in connection with the collection of a debt.

25. Defendant Capital Accounts acted in a false, deceptive, misleading and unfair manner by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

26. Defendant Capital Accounts acted in a false, deceptive, misleading and unfair manner by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number.

27. Defendant Capital Accounts acted in a false, deceptive, misleading and unfair manner by falsely representing the amount, character or legal status of the debt.

28.     Defendant Capital Accounts acted in a false, deceptive, misleading and unfair manner by using any false representation or deceptive means to collect or attempt to collect any debt or to obtain any information concerning a consumer.

29.     Defendant Capital Accounts acted in a false, deceptive, misleading and unfair manner by using unfair or unconscionable means to collect or attempt to collect any debt.

30.     Defendant Capital Accounts knew or should have known that its actions violated the FCRA, FDCPA and TCPA. Additionally, Defendant Capital Accounts could have taken the steps necessary to bring its agent's actions within compliance of these statutes, but neglected to do so and failed to adequately review those actions to insure compliance with said laws.

31.     As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of credit denial or loss of credit opportunity, credit defamation and emotional distress, including anxiety, frustration, embarrassment and humiliation.

32.     At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

33.     At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees was intentional, willful, reckless, and in grossly negligent disregard for the rights of the Plaintiff herein.

## CLAIMS

### COUNT I – EQUIFAX
### VIOLATIONS OF THE FCRA

34.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

35. At all times pertinent hereto, Equifax was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

36. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

37. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

38. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Equifax is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. §§ 1681e and 1681i.

39. The conduct of Equifax was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, Equifax is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## COUNT II – CAPITAL ACCOUNTS
## VIOLATIONS OF THE FCRA

40. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

41. At all times pertinent hereto Capital Accounts was a "person" as that term defined by 15 U.S.C. § 1681a(b).

42. Capital Accounts violated sections 1681n and 1681o of the FCRA by willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

43. Capital Accounts' conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to the Plaintiff that are outlined more fully above, and as a result Capital Accounts is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief, permitted by law.

## COUNT III – CAPITAL ACCOUNTS
## VIOLATONS OF THE FDCPA

44. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

45. Capital Accounts is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

46. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

47. The above contacts between Capital Accounts and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

48. Capital Accounts violated the FDCPA. Capital Accounts' violations include, but are not limited to, violations of 15 U.S.C. §§ 1692b(3), 1692c(b), 1692d, 1692d(5), 1692e(2)(A), 1692e(8), 1692e(10), and 1692f, as evidenced by the following conduct:

    (a) Communicating with persons other than the debtor on more than one occasion;

    (b) Engaging in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt;

    (c) Communicating with any person other than the consumer in connection with collection of a debt;

(d) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number;

(e) Falsely representing the amount, character or legal status of the debt;

(f) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed;

(g) Using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer; and

(h) Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect the alleged debt from Plaintiff.

49. Capital Accounts' acts as described above were done with intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the alleged debt.

50. As a result of the above violations of the FDCPA, Capital Accounts is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

### COUNT IV – CAPITAL ACCOUNTS
### VIOLATIONS OF THE TCPA

51. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

52. At all times relevant hereto, Capital Accounts used, controlled and/or operated "automatic telephone dialing systems" as defined by § 227(a)(1) of the TCPA.

53. Capital Accounts initiated multiple calls to Plaintiff's telephone line using artificial and or prerecorded voices to deliver messages without express consent of Plaintiff in violation of 47 U.S.C. §§ 227(b)(1)(A)(3) of the TCPA.

54. The acts and/or omissions of Capital Accounts was done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent from bona fide error, lawful right, legal defense, legal justification, or legal excuse.

55. As a result of the above violation of the TCPA, Defendant is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages, and treble damages.

## JURY TRIAL DEMAND

56. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages

(c) Treble damages;

(d) Punitive damages;

(e) Costs and reasonable attorney's fees; and

  (f) Such other and further relief as may be necessary, just and proper.

        Respectfully Submitted,

        **FRANCIS & MAILMAN, P.C.**

    BY: */s/ John Soumilas*
       JOHN SOUMILAS, ESQUIRE
       GREGORY J. GORSKI, ESQUIRE
       (*Pro Hac Vice* forthcoming)
       Land Title Building, 19th Floor
       100 South Broad Street
       Philadelphia, PA 19110
       (215) 735-8600

       Attorney for Plaintiff

Dated: May 11, 2015