**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| **DOROTHY MAE ROSS,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**EQUIFAX INFORMATION SERVICES LLC, et al.,**<br><br>**Defendants.** | **Civil Action No. 2:15-cv-11674**<br><br>**Judge Marianne O. Battani**<br>**Magistrate Judge Michael J. Hluchaniuk** |


| | |
|---|---|
| FRANCIS & MAILMAN, P.C.<br>John Soumilas<br>Land Title Building<br>100 South Broad Street<br>19th Floor<br>Philadelphia, PA 19110<br>215-735-8600<br>Email:<br>jsoumilas@consumerlawfirm.com<br>*Attorneys for Plaintiffs* | CLARK HILL PLC<br>Jordan S. Bolton (P66309)<br>500 Woodward Avenue, Ste. 3500<br>Detroit, MI 48226-3435<br>(313) 965-8300<br>Email: JBolton@clarkhill.com<br>*Attorneys for Equifax Information Services LLC* |


**DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S**
**ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, Equifax Information Services LLC ("Equifax"), by Counsel, files its Answer and Defenses to Plaintiff's Complaint ("Complaint") as follows:

## PRELIMINARY STATEMENT

In answering the Complaint, Equifax states that it is responding to allegations on behalf of itself only, even where the allegations pertain to alleged

conduct by all Defendants. Equifax denies any and all allegations in the headings and/or unnumbered paragraphs in the Complaint.

**ANSWER**

In response to the specific allegations in the enumerated paragraphs in the Complaint, Equifax responds as follows:

1. Equifax admits that Plaintiff purports to bring a claim under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. ("FCRA"), the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. ("FDCPA"), and 47 U.S.C. §227, *et. al*. Equifax denies that it violated the FCRA, the FDCPA, or any other law, denies that plaintiff was damaged by any action or inaction of Equifax, and denies that Plaintiff is entitled to any of the relief requested. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1 and, therefore, denies those allegations.

2. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 and, therefore, denies those allegations.

3. Equifax admits it conducts business in the Eastern District of Michigan. Equifax denies the remaining allegations in Paragraph 3.

4. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 and, therefore, denies those

allegations.

5. Equifax admits the Court has jurisdiction in this case.

6. Equifax admits venue is proper in this District.

7. Equifax denies the allegations in Paragraph 7 as they relate to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 7 and, therefore, denies those allegations.

8. Equifax denies the allegations in Paragraph 8 as they relate to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8 and, therefore, denies those allegations.

9. Equifax denies the allegations in Paragraph 9 as they relate to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9 and, therefore, denies those allegations.

10. Equifax denies the allegations in Paragraph 10 as they relate to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 10 and, therefore, denies those allegations.

11. Equifax admits it received disputes from Plaintiff or on her behalf.

Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11 and, therefore, denies those allegations.

12. Equifax admits it received disputes from Plaintiff or on her behalf. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12 and, therefore, denies those allegations.

13. Equifax denies the allegations in Paragraph 13.

14. Equifax denies the allegations in Paragraph 14.

15. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and, therefore, denies those allegations.

16. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 and, therefore, denies those allegations.

17. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and, therefore, denies those allegations.

18. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and, therefore, denies those

allegations.

19. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and, therefore, denies those allegations.

20. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and, therefore, denies those allegations.

21. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and, therefore, denies those allegations.

22. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and, therefore, denies those allegations.

23. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and, therefore, denies those allegations.

24. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and, therefore, denies those allegations.

25. Equifax is without knowledge or information sufficient to form a

belief as to the truth of the allegations in Paragraph 25 and, therefore, denies those allegations.

26. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and, therefore, denies those allegations.

27. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and, therefore, denies those allegations.

28. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 and, therefore, denies those allegations.

29. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and, therefore, denies those allegations.

30. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and, therefore, denies those allegations.

31. Equifax denies the allegations in Paragraph 31 as they relate to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 31 and, therefore, denies

those allegations.

32. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 and, therefore, denies those allegations.

33. Equifax denies the allegations in Paragraph 33 as they relate to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 33 and, therefore, denies those allegations.

34. Equifax restates and incorporates its responses to Paragraphs 1 through 33 as if fully set forth herein.

35. Equifax admits the allegations in Paragraph 35.

36. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 and, therefore, denies those allegations.

37. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 and, therefore, denies those allegations.

38. Equifax denies the allegations in Paragraph 38.

39. Equifax denies the allegations in Paragraph 39.

40. Equifax restates and incorporates its responses to Paragraphs 1

through 39 as if fully set forth herein.

41. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 and, therefore, denies those allegations.

42. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 and, therefore, denies those allegations.

43. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 and, therefore, denies those allegations.

44. Equifax restates and incorporates its responses to Paragraphs 1 through 43 as if fully set forth herein.

45. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 and, therefore, denies those allegations.

46. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 and, therefore, denies those allegations.

47. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 and, therefore, denies those

allegations.

48. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 and all subparts and, therefore, denies those allegations.

49. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 and, therefore, denies those allegations.

50. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 and, therefore, denies those allegations.

51. Equifax restates and incorporates its responses to Paragraphs 1 through 50 as if fully set forth herein.

52. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 and, therefore, denies those allegations.

53. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 and, therefore, denies those allegations.

54. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 and, therefore, denies those

allegations.

55. Equifax denies the allegations in Paragraph 55 as they relate to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 55 and, therefore, denies those allegations.

56. Equifax admits Plaintiff has demanded a trial by jury and likewise demands a jury trial in this case.

57. Equifax denies that the Plaintiff is entitled to any relief claimed in the Prayer for Relief or in the Complaint.

Any allegation in Plaintiff's Complaint not heretofore specifically responded to by Equifax is hereby denied.

## DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff, Equifax pleads the following defenses to the Complaint:

### First Defense

Plaintiff's Complaint fails to state a claim against Equifax upon which relief can be granted.

### Second Defense

At all pertinent times, Equifax maintained reasonable procedures to assure

maximum possible accuracy in its credit reports.

**Third Defense**

Plaintiff's damages, if any, were not caused by Equifax, but by another person or entity for whom or for which Equifax is not responsible.

**Fourth Defense**

Equifax has complied with the Fair Credit Reporting Act in its handling of Plaintiff's credit file and is entitled to each and every defense stated in the Act and any and all limitations of liability.

**Fifth Defense**

At all relevant times herein, the Plaintiff's alleged damages, which Equifax denies exist, were aggravated by the failure of the Plaintiff to use reasonable diligence to mitigate the same. Therefore, Plaintiff's recovery, if any, should be barred or decreased by reason of his failure to mitigate alleged losses.

**Sixth Defense**

Plaintiff cannot meet the requirements of 15 U.S.C. § 1681n in order to recover punitive or statutory damages.

**Seventh Defense**

Equifax adopts by reference the defenses, criteria, limitations, standards and

constitutional protections mandated or provided by the United States Supreme Court in the following cases: *BMW v. Gore*, 517 U.S. 559 (1996); *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 923 (2001); *State Farm v. Campbell*, 538 U.S. 408 (2003), and *Safeco Insurance Co. of America v. Burr*, 551 U.S. 47 (2007).

**Eighth Defense**

Plaintiff's claims in whole or in part may be barred by the statute of limitations.

Equifax reserves the right to have additional defenses that it learns through the course of discovery.

**WHEREFORE**, having fully answered or otherwise responded to the allegations in Plaintiff's Complaint, Equifax prays that:

(1) Plaintiff's Complaint be dismissed in its entirety and with prejudice, with all costs taxed against Plaintiff;

(2) Equifax be dismissed as a party to this action;

(3) Equifax receive a trial by jury for all issues so triable;

(4) Equifax recover such other and additional relief as the Court deems just and appropriate.

Respectfully submitted this 11th day of August, 2015.

*/s/ Jordan S. Bolton*
Jordan S. Bolton (P66309)
CLARK HILL, PLC
500 Woodward Avenue, Suite 3500
Detroit, MI 48226
Tel. (313) 965-8300
Fax (313) 965-8252
jbolton@clarkhill.com
*Attorneys for Equifax Information Services LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 11th day of August, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

John Soumilas
Francis & Mailman, P.C.
Land Title Building
100 South Broad Street
19th Floor
Philadelphia, PA 19110

*/s/ Jordan S. Bolton*
Jordan S. Bolton